IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONALD ALLEN HAILES,

      Plaintiff,

      v.                                   CASE NO. 25-3121-JWL

(FNU) HWOUPUR,  et al.,

      Defendants.

**MEMORANDUM AND ORDER**

Plaintiff, Ronald Allen Hailes, who is currently incarcerated at the Lansing Correctional Facility in Lansing, Kansas ("LCF"), brings this pro se civil rights case.  Plaintiff alleges medical negligence because he was unable to get his diabetic medication when an officer told Plaintiff that he was instructed not to let them out of their cells until after the food trays had been passed out. (Doc. 1, at 3.)  Plaintiff also alleges that he was supposed to have a tooth extracted two years ago and now he has more issues with his teeth.  *Id*. at 4.  Plaintiff acknowledges that he has a dental appointment scheduled for July 10, 2025, but argues that it conflicts with a doctor's appointment that same day.  *Id*.  Plaintiff attaches a Health Services Request Form that states that he was seen by a Dr. Hindupur on June 13 or 17, 2025.  *Id*. at 6.  Plaintiff also alleges that his parole was wrongfully revoked.  *Id*. at 10.  For relief, Plaintiff seeks "release from Kansas State Parole, and the maximum for pain and suffering and filing fees."  *Id*. at 20.

Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g).  Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that

1

it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[1]  Accordingly, he may proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'"  *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)).  "Vague and utterly conclusory assertions are insufficient." *Id*.  The harm must be imminent or occurring at the time the complaint is filed, "allegations of past harm do not suffice." *Id*. (citations omitted).  The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted).  "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'" *Id*. (citation omitted).

The Court has examined the Complaint and finds no showing of imminent danger of serious physical injury.  Accordingly, pursuant to § 1915(g) Plaintiff may not proceed in forma

---

[1] Prior to filing the instant Complaint, the Court finds at least three prior civil actions filed by Plaintiff that qualify as "strikes" under § 1915(g).  *See Hailes v. Jackson*, Case No. 92-3077-DES, Doc. 5 (D. Kan. March 19, 1992) (dismissed as legally frivolous); *Hailes v. Roberts*, Case No. 92-3262-DES, Doc. 8 (D. Kan. Oct. 26, 1992) (dismissed as frivolous and malicious); *Hailes v. Stark*, Case No. 95-3133-DES, Doc. 4 (D. Kan. April 28, 1995) (dismissed as frivolous); *Hailes v. Karal*, Case No. 95-3377-GTV, Doc. 4 (D. Kan. Oct. 3, 1995) (dismissed as frivolous); *Hailes v. Asbury*, Case No. 08-3048-SAC, Doc. 16 (D. Kan. May 21, 2008) (dismissed for failure to state a claim ); *Hailes v. McKune*, Case No. 09-3058-SAC, Doc. 3 (D. Kan. March 17, 2009) (finding Mr. Hailes is a three-strikes litigant under Section 1915(g)); *see also Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996) (finding that § 1915(g) requires the court to consider prisoner suits dismissed prior to the statute's enactment).

pauperis in this civil action.  Plaintiff is given time to pay the full $405.00 district court filing fee[2]

to the Court.  If he fails to pay the full fee within the prescribed time, the Complaint will be

dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by

28 U.S.C. § 1914.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is denied leave to

proceed in forma pauperis.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **August 1, 2025,** to submit the

$405.00 filing fee.  The failure to submit the fee by that date will result in the dismissal of this

matter without prejudice and without additional prior notice.

**IT IS SO ORDERED**.

**Dated July 2, 2025, in Kansas City, Kansas.**


**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**

---

[2] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $55.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.