IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RONALD ALLEN HAILES,**

    **Plaintiff,**

    v.                                                                                                       CASE NO. 25-3121-JWL

**(FNU) HWOUPUR, et al.,**

    **Defendants.**

**MEMORANDUM AND ORDER**

    Plaintiff, Ronald Allen Hailes, who is currently incarcerated at the Lansing Correctional Facility in Lansing, Kansas ("LCF"), brings this pro se civil rights case. On July 2, 2025, the Court entered a Memorandum and Order (Doc. 2) ("M&O") finding that Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g), and denying Plaintiff leave to proceed in forma pauperis. The Court granted Plaintiff until August 1, 2025, to submit the $405 filing fee. The Court extended the deadline to August 20, 2025. Plaintiff has failed to submit the filing fee by the Court's deadline.

    Plaintiff has failed to submit the filing fee and has instead filed three motions. Plaintiff has filed: a Motion for to Heare [sic] Refuseal [sic] of Medical Treatement [sic] and Placing Plaintiff in Imminent Danger by Refusing Medical Treatment (Doc. 7); a Motion to Hear Evidence Agast [sic] the Defendants of Making Criminal Threats to do Bodily Harm on Plaintiff @ Retaliation (Doc. 8); and a Motion Mistreatment of a Confined Person (Doc. 9).

    In his Complaint, Plaintiff alleges medical negligence because he was unable to get his diabetic medication when an officer told Plaintiff that he was instructed not to let them out of their cells until after the food trays had been passed out. (Doc. 1, at 3.) Plaintiff also alleges that he was supposed to have a tooth extracted two years ago and now he has more issues with his teeth.

1

*Id*. at 4. Plaintiff acknowledged in his Complaint that he had a dental appointment scheduled for July 10, 2025, but argued that it conflicted with a doctor's appointment that same day. *Id*. Plaintiff attaches a Health Services Request Form that states that he was seen by a Dr. Hindupur on June 13 or 17, 2025. *Id*. at 6. Plaintiff also alleges that his parole was wrongfully revoked. *Id*. at 10. For relief, Plaintiff seeks "release from Kansas State Parole, and the maximum for pain and suffering and filing fees." *Id*. at 20.

In his motion to hear refusal of medical treatment, Plaintiff states that when he met with the nurse on July 29, 2025, she told Plaintiff that an x-ray had been ordered on June 27, 2025, but Plaintiff had not received it yet. (Doc. 7, at 1.) Plaintiff claims that the nurse told him that she did not find anything in Plaintiff's chart. *Id*. Plaintiff alleges that he was told by a med-tech that no KOPs (Keep on Person) had come in yet, and he had been told that for the past two days. *Id*. at 2. Plaintiff also alleges that although he is supposed to be "no stairs and lower bunk," he is assigned to an upper bunk. *Id*. Plaintiff alleges that he asked for this same relief in *Hailes v. Kelly*.[1] Plaintiff claims that he was supposed to have lab work done on July 29, but the officers told him to hold on because they were doing something. *Id*. Plaintiff alleges that he has heart disease, type 2 diabetes, and kidney issues. *Id*. at 3. Plaintiff states that he thinks the District Judge is helping the defendants and must step down.[2] *Id*. Plaintiff then claims medical malpractice and negligence and seeks to only receive medical care from KU Medical Center, and not from LCF. *Id*. Plaintiff alleges that on June 26, 2025, his finger was bleeding, and he did not receive medical care until the next day. *Id*. at 5. Plaintiff attached a grievance form where he states that on July 31, 2025, he was at the

---

[1] That case was filed on April 26, 2023. *Hailes v. Kelly*, Case No. 23-3111-JWL (D. Kan.). The Court found that Plaintiff was subject to the three-strikes provision, and Plaintiff paid the filing fee. That case was dismissed for failure to state a claim. *Id*. at Doc. 19.

[2] Plaintiff has not filed a motion to recuse in this case. Regardless, adverse decisions do not warrant recusal. The Supreme Court has explained that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540. 555 (1994).

clinic and a staff member told him she was doing paperwork for a new arrival and asked him to go back to the waiting room to wait. (Doc. 7–1.)

In his motion to hear evidence, Plaintiff claims that he was threatened by Captain Parzes [sic] on August 7, 2025, at the medication line. (Doc. 8, at 1.) Plaintiff alleges that he was retaliated against, and he received a disciplinary report for threatening and intimidating a person. *Id*.

Plaintiff's third motion alleges mistreatment of a confined person and seeks to add an additional defendant. (Doc. 9.) Plaintiff again mentions that Captain Perez threatened him on August 7, 2025, at the medication line. *Id*. at 1. Plaintiff alleges that CO II Sanders was supposed to be removed from A3 because Plaintiff has a lawsuit against him. *Id*. at 3. Plaintiff alleges that Sanders had another officer write the disciplinary report against Plaintiff because Sanders is a defendant in the lawsuit. Plaintiff alleges that it is against policy to have another officer write a DR. *Id*. Plaintiff claims that his DR must be dropped. *Id*.

Plaintiff is subject to the "three-strikes" provision and therefore he may proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury. 28 U.S.C. § 1915(g). "To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). "Vague and utterly conclusory assertions are insufficient." *Id*. The harm must be imminent or occurring at the time the complaint is filed, "allegations of past harm do not suffice." *Id*. (citations omitted). The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a

threat . . . is real and proximate.'" *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted). "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'" *Id*. (citation omitted).

Plaintiff has failed to establish specific, credible allegations of imminent danger of serious physical harm. His Complaint and motions show his dissatisfaction with delays and being asked to wait for staff to assist him. He is also upset with a disciplinary report that he received. The Court has examined the Complaint and Plaintiff's motions and finds no showing of imminent danger of serious physical injury.

The Court granted Plaintiff until August 20, 2025, to submit the $405.00 filing fee. The M&O provides that "[t]he failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice." (Doc. 2, at 3; Doc. 5, at 2.) Plaintiff has failed to pay the filing fee by the Court's deadline.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

Plaintiff has failed to pay the filing fee by the deadline set forth in the Court's order. As a consequence, the Court dismisses this action without prejudice pursuant to Rule 41(b) for failure to comply with court orders.

**IT IS THEREFORE ORDERED BY THE COURT** that this action is **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(b).

**IT IS FURTHER ORDERED** that Plaintiff's motions (Docs. 7, 8, 9) are **denied.**

**IT IS SO ORDERED**.

Dated August 22, 2025, in Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE